UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY PODURGIEL, | Civil Action No:<br>16-cv-02262 (PGS)(TJB) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| ACME MARKETS, INC., | |
| Defendants. | |

This matter comes before the Court on a motion for reconsideration brought by Defendant Acme Markets, Inc. [ECF No 61] in reference to this Court's ruling on the motion for summary judgment issued on May 21, 2018 (ECF No. 60). Specifically, Defendant seeks the Court's reconsideration of the ruling with regard to Count I, which was the only Count that survived the motion for summary judgment.

The facts relevant to this matter have been set forth in the Court's previous opinion and will not be repeated herein.

I.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony*

*Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, *Fed. Practice and Procedure*: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

II.

Defendants aver that the Court erred when it found Acme is a successor in interest of A&P, which Defendants argue was contrary to the findings of the Bankruptcy Court.

Defendant points to a sentence in this Court's opinion (ECF No. 60) stating, "Acme argues that Mr. Podurgiel's claim did not arise until November 9 or November 16, 2015 when he was denied the right to resume work, so the prior bankruptcy court finding was not an issue at that

time." The Court reviewed the sentence and recognizes that an inadvertent typographical error occurred. The word "finding" should have been "filing." In the interest of clarity, the timeline of events is as follows: on July 19, 2015 the bankruptcy proceedings were filed, Plaintiff's claim arose on or about November 9, or 16, 2015, the Bankruptcy Court issued an order on January 22, 2016.

Defendant also argues that the opinion contained an error of law. In determining the standard for successor liability, the Court used the standard under the FMLA. Defendant contends that the bankruptcy standard should apply. *In re TWA*, 322 F.3d 283, fn 4(3d Cir. 2003). The Court disagrees. See, *Cobb v. Contract Transp.*, 452 F.3d 543, 551 (6th Cir. 2006).

In short, the Court understands that the Bankruptcy Court held that Acme had no liability. However, in resolving the questions of successor in interest in this matter, the Court's decision is consistent with the case law as applied to FMLA cases.

Thus, after reviewing Defendant's arguments, the motion for reconsideration is DENIED.

## ORDER

THIS MATTER having been opened to the Court by Defendant's motion for reconsideration (ECF No. 61); and the Court having fully considered the submissions in support thereof, and any opposition thereto; and having considered the arguments of counsel; and for good cause shown;

IT IS on this 16th day of July, 2018,

**ORDERED** that Defendant's motion for reconsideration (ECF No. 61) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.