UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GREGORY PODURGIEL,

*Plaintiffs*,

v.

ACME MARKETS, INC.,

*Defendant*.

Civil Action No. 16-cv-02262 (PGS)

MEMORANDUM AND ORDER

## SHERIDAN, U.S.D.J.

This matter comes before the Court on several *in limine* motions. The Court has set forth the facts of this matter in its previous opinion granting in part and denying in part summary judgment; accordingly, only a brief recitation of the facts is necessary. (*See* ECF No. 60; *Podurgiel v. Acme Mkts., Inc.*, No. 16-02262, 2018 U.S. Dist. LEXIS 84694 (D.N.J. May 21, 2018)). Plaintiff Gregory Podurgiel (hereinafter "Plaintiff") was hired by the Atlantic and Pacific Tea Company (hereinafter "A&P") in 1999 as a butcher. In 2014, he began working at the A&P in Wall, New Jersey, and on September 7, 2015, he submitted a Family and Medical Leave Act (FMLA) Request form to A&P human resources to undergo surgery for chronic mastoiditis media. *Podurgiel*, 2018 U.S. Dist. LEXIS 84694, at *3. Plaintiff remained out on medical leave until November 16, 2015, at which time his doctor provided clearance to return to work. *Id.* During the time that Plaintiff was out on medical leave, A&P declared bankruptcy, and the Wall A&P was acquired by Defendant Acme Markets. *Id.* at *4.

1

Thereafter, Plaintiff submitted a return to work note on November 9, 2015. *Id.* at *9. On November 16, 2015, Plaintiff returned to work, and was advised that he was "not on the schedule." *Id.* Finally, on December 29, 2015, Plaintiff was advised that he was "ok to return" to work. *Id.* at *16. During mid-December 2015 to December 29, 2015, Plaintiff sought alternative means of income, and provided butcher services to Buono Deli's on a part-time basis. Plaintiff received cash payment for these services, and did not report such payments on his 2015 tax filings.

Plaintiff brought suit against Defendant Acme Market and the Court previously granted in part and denied in part summary judgment for both Plaintiff and Defendant; accordingly all that remains of Plaintiff's claims is Count I under the FMLA for interfering with Plaintiff's FMLA rights by delaying his right to return to work. *Id.* at *26.

The following motions *in limine* are presently before the Court:

(1) Defendant's Motion *in Limine* to Declare Melissa English Unavailable and to Permit the Parties to Admit Deposition Testimony at Trial (ECF No. 75)

(2) Plaintiff's Motion *in Limine* Seeking to Present Deposition Testimony of Plaintiff's Treating Physician in Lieu of Testimony (ECF No. 77)

(3) Plaintiff's Motion *in Limine* to Preclude evidence, specifically: (a) that he did not report cash payments from Buono's Prime Meats and Deli (hereinafter "Buono's Deli") on his IRS tax form; and (b) that Buono's did not report cash payments to Plaintiff to the IRS (ECF No. 76)

## 1. Deposition Testimony of Dr. Downey and Melissa English

Plaintiff seeks to present the deposition testimony of Dr. Laura Downey, his treating physician, at trial. (ECF No. 77). Similarly, Defendant seeks to present the deposition testimony of Melissa English, a witness with personal knowledge of the facts of Defendant's hiring of Plaintiff, at trial. (ECF No. 75). Both parties consent to the use of deposition testimony of Dr. Downey and Ms. English at trial. Accordingly, these motions are GRANTED. The parties must agree on the portions of the depositions that are to be read at trial. *See* Fed. R. Civ. P. 32 (a)(6).

## 2. Plaintiff's Motion to Preclude Evidence of Plaintiff's Failure to Report Income to IRS and Mr. Buono's Failure to Report Income Paid to Plaintiff to the IRS

In this motion (ECF No. 76), Plaintiff seeks to preclude evidence that he failed to report his taxable income on his 2015 tax returns for the period of time that he was employed by Buono's Deli, and that Jimmy Buono, owner of Buono's Deli, failed to report income paid to Plaintiff to the IRS. Both parties acknowledge that this evidence is related to Plaintiff's mitigation efforts, which is relevant to damages. Plaintiff argues that these issues are irrelevant to the issue of how much he was actually paid, and if this evidence were admitted, it would be highly prejudicial. In response, Defendant argues that because both Plaintiff and Jimmy Buono would testify about the amount paid to Plaintiff by Buono, and because there is no record of such payments through Plaintiff's 2015 tax returns, Plaintiff and Buono's credibility are necessary issues on point because it appears that only their testimony will establish how much money Plaintiff actually received during this time.

A motion *in limine* is designed to narrow evidentiary issues for trial, and to eliminate unnecessary trial interruptions. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). The purpose of such a motion "is to bar irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial." *Id.* Pursuant to Fed. R. Evid. R. 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004); *see also* Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. R. 402. "Evidence is irrelevant only when it has no tendency to prove [a consequential fact]." *Gibson*, 355 F.3d at 232 (quoting *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994)). Courts may exclude relevant evidence if "its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

In this instance, both Plaintiff and Jimmy Buono's testimony are the only evidence Plaintiff has regarding how much income he was paid in December 2015 while working at Buono's Deli. This testimony is relevant, as it relates directly to mitigation, if any, of Plaintiff's damages. At oral argument, Defendant represented that it intends to ask Plaintiff and Jimmy Buono the hours Plaintiff worked, the amount Plaintiff was paid for those hours, and whether there was any written proof of such payment, such as time sheets, records, or any filings with the IRS. Accordingly, Plaintiff's *in limine* motion seeking to preclude evidence that Plaintiff and Jimmy Buono failed to report Plaintiff's income to the IRS is DENIED. Defendant may elicit testimony from Plaintiff and Jimmy Buono regarding whether or not they reported Plaintiff's income to the IRS; however, Defendant's questions must be limited in scope to whether Plaintiff or Jimmy Buono can provide proof of his income during December 2015. Further, if the substance of Plaintiff's and Buono's testimony is the same, the Court will not permit cumulative evidence.

## ORDER

This matter having come before the Court on several *in limine* motions (ECF Nos. 75, 76, 77) and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 2nd day of July, 2019,

**ORDERED** that Defendant's motion *in limine* (ECF No. 75) to present the deposition testimony of Melissa English at trial is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion *in limine* (ECF No. 77) to present the deposition testimony of Dr. Laura Downey at trial is **GRANTED**; and it is further

**ORDERED** Plaintiff's motion *in Limine* to Preclude evidence that he did not report cash payments from Buono's Deli on his IRS tax form and that Buono did not report cash payments to Plaintiff to the IRS is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.